David Pourati (SBN 259245)
    david@pourati.com
LAW OFFICE OF DAVID POURATI, APC
1801 Century Park East, Suite 1830
Los Angeles, California 90067
Telephone:  (213) 444-0083
Facsimile:   (213) 444-0063

Louis Benowitz (SBN 262300)
    louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse
Beverly Hills, California 90212
Telephone:  (310) 844-5141
Facsimile:   (310) 492-4056

Attorneys for Plaintiff
ERIC ESCOBAR, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ESCOBAR, individually and on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br><br>     vs.<br><br>APRIA HEALTHCARE GROUP, INC., a Delaware Corporation; APRIA HEALTHCARE LLC, a Delaware limited liability company, and DOES 1–10, inclusive,<br><br>                Defendants. | Case No. **8:14-cv-01699**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES [15 U.S.C. § 1681,** *et seq***.]**<br><br>2. **VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION [15 U.S.C. § 1681,** *et seq***.].**<br><br>**[DEMAND FOR A JURY TRIAL**] |

///

///

///

Plaintiff ERIC ESCOBAR ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against Defendants APRIA HEALTHCARE LLC, a Delaware limited liability company, APRIA HEALTHCARE GROUP, INC., a Delaware Corporation, and DOES 1 through 100 ("Defendants") on behalf of himself and a nationwide class of all individuals defined as all employees or prospective employees who applied for employment with Defendants in the United States, who completed Defendants': job applications, background check disclosures and authorization forms included a liability release allowing Defendants to obtain a consumer report, a background check or DMV search and/or did not have a proper authorization and disclosure and consent language (the "Class") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "Class Period").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331(a) and the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. (FCRA) because this case involves the FCRA. An action to enforce any liability created under the FCRA may be brought in any appropriate United States District Court not later than the earlier of either two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation that is the basis for the action. 15 U.S.C. § 1681p.

///
///
///
///
///

## PARTIES

3. Plaintiff is an individual who is a resident of the State of California, County of Los Angeles.

4. Plaintiff is informed and believes that Defendant APRIA HEALTHCARE LLC ("AH-LLC") is a Delaware limited liability company with its headquarters in Lake Forest, California.

5. Plaintiff is informed and believes that APRIA HEALTHCARE GROUP, INC. ("AH-INC.") is a Delaware Corporation with its headquarters in Lake Forest, California.

6. Defendants provide home respiratory services and certain medical equipment, including oxygen therapy, inhalation therapies, sleep apnea treatment, and negative pressure wound therapy nationwide and within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated, in California and throughout the United States.

7. Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1–10, inclusive, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

8. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, violated the rights of Plaintiff and members of the proposed Class, and exercised control over the job application process, including those aspects pertaining to background checks and associated forms and authorizations. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business

plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## GENERAL ALLEGATIONS

9. Plaintiff applied for employment with Defendants in June 2013. At that time, he was not provided with a *proper* written disclosure stating that a consumer report, background check, department of motor vehicle report or other such consumer report may be obtained for employment purposes.

10. In addition to improper disclosures, Defendants' applications contained improper liability release allowing Defendants to obtain a consumer reports.

11. Thereafter, Defendants obtained copies of Plaintiff's consumer report.

12. Plaintiff is informed and believes and on that basis alleges that Defendants obtained consumer reports for their employees and applicants for employment purposes without a valid or proper disclosure as part of the application process.

13. Each of the Defendants, including the DOE defendants is a "person" as defined by the FCRA. 15 U.S.C. §1681 a(b). Plaintiff and each of the class members is a "consumer" as defined by the FCRA. 15 U.S.C. §1681 a(c). The background reports, DMV reports or consumer report that Defendants obtains regarding applicants or current employees are "consumer reports" as defined by the FCRA. 15 U.S.C. §1681 a(d).

14. During the Class Period, Plaintiff and each member of the Class sought employment with Defendants in the United States. As part of the employment application process, Defendants obtained a consumer report for Plaintiff. Plaintiff is also informed and believes and thereon alleges that, as part of the employment application process, Defendants sought and/or obtained a consumer report for the members of the proposed Class. Plaintiff is informed and

believes and on that basis alleges that Defendants obtained from the Department of Motor Vehicles or other third party consumer reporting agencies driving records, background reports, and other consumer information that included results of a criminal records search, arrest, substance abuse and/or a sex offender registry searches for him and the members of the proposed Class.

15. Plaintiff and each member of the proposed Class are individuals covered by the FCRA and as such, Defendants and each of them was required to provide a disclosure in writing that a consumer report may be obtained for employment purposes and obtain a valid, written authorization prior to obtaining a consumer report. 15 U.S.C. §1681b(b)(2)(A)(i) and (ii).

16. The term "consumer report" includes not only credit worthiness, standing, and capacity; it also includes character, general reputation, personal characteristics, or mode of living to be to analyze eligibility for employment purposes. 15 U.S.C. §1681a(d). Accordingly, a background check qualifies as a consumer report.

17. The report must be obtained from a "consumer reporting agency," which is defined as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. §1681a(f). Defendants obtained the report from third party consumer reporting agencies such as ADP, or the DMV or other such similar organizations.

///
///
///
///

18. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

    (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

    (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause(i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

19. The following disclosure or authorization is included on the applications of Defendants, along with a variety of other information, "I hereby release the Company and all affiliated persons and entities, as well as any person or institution that provides the Company with any lawful information about me, from and all liability whatsoever resulting from any such lawful inquiry, investigation or communication." This does not comply with the FCRA requirements in that: (1) it does not disclose that a consumer report will be obtained; (2) it does not seek written authorization from prospective applicants to obtain the consumer report; (3) it is included on the same page as the application along with numerous other statements, not in a document that consists only of the disclosure and authorization as required by the FCRA; and (4) the statement purports to release Defendants and each of them from liability, while the document continues to state "I understand that any hiring decision is contingent upon my successful completion of all of the Company's lawful pre-employment checks, including, but not limited to, a physical exam, a drug test, and background checks with state motor vehicle agencies and the Department of Transportation."

20. In violation of 15 U.S.C. § 1681b(b)(2)(A)(i), Defendants unlawfully inserted liability release provisions into forms purporting to grant Defendants and their affiliated the authority to obtain and use consumer report information for employment purposes. The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand-alone forms, and not include any additional information or agreements. Defendants' decision to include liability release provisions in its authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

21. In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) Defendants obtained consumer reports without proper authorization because the authorization and disclosure form signed by Plaintiff failed to comply with the requirements of the FCRA. The inclusion of the liability waiver in Defendants' authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendants obtained a consumer report without a facially valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

## CLASS ACTION ALLEGATIONS

22. As set forth above, Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23. The members of the Class are defined as follows: all employees or prospective employees of Defendants who applied for employment with Defendants in the United States, who completed Defendants': job applications, background check disclosures and authorization forms that included a liability release allowing Defendants to obtain a consumer report, a background check or DMV search and/or did not have a proper authorization and disclosure and consent language (the "Class") at any time during the period beginning five (5) years prior to

the filing of this Complaint and ending on the date as determined by the Court (the "Class Period").

23. Plaintiff reserves the right under the other applicable Federal Rules of Civil Procedure to amend or modify the class definition(s) with respect to issues or in any other ways. Plaintiff is the Named Representative and is a member of the proposed Class. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

24. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep. This action has been brought and may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

    a. <u>Numerosity</u>. Plaintiff is informed and believes and thereon alleges that the members of the Class are so numerous that individual joinder of all of them as Plaintiff is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are thousands of Class members.

    b. <u>Commonality</u>. Common questions of law and fact exist as to all Class members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

        i. Whether Defendants and each of them required Class members to sign a background check disclosure and authorization form;

        ii. Whether Defendants' background check disclosure and authorization forms comply with the FCRA;

iii. Whether Defendants and each of them violated the rights of Class members under the FCRA by including a liability release in its background check disclosure and authorization form;

iv. Whether Defendants and each of them violated the FCRA by procuring consumer report information regarding Class members based on invalid authorizations;

v. To the extent that the Court may find that the pre-printed language included on the applications, set forth above, complies with the disclosure and/or written authorization requirements of FCRA, whether Defendants and each of them violated the rights of Class members under the FCRA by including this language on the same page as the application along with numerous other statements and not in a document that consists only of the disclosure and authorization as required by the FCRA;

vi. To the extent that the Court may find that the pre-printed language included on the applications, set forth above, complies with the disclosure and/or written authorization requirements of FCRA, whether Defendants and each of them violated the rights of Class members FCRA by including language releasing Defendants and each of them from liability;

vii. Whether Defendants and each of them willfully violated the FCRA, requiring statutory damages to Plaintiff and Class members pursuant to 15 U.S.C. §1681n(a);

viii. Whether Plaintiff and Class members are entitled to statutory damages pursuant to 15 U.S.C. §1681n(a), and if so, the amount and calculation of statutory damages;

ix. Whether Plaintiff and Class members are entitled to punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and if so, the amount and calculation of punitive damages;

///

9
CLASS ACTION COMPLAINT

c. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the other Class members. Plaintiff is informed and believes and thereon alleges that he and the other Class members have subject to the same policy and practice of failing to provide a proper disclosure to obtain a consumer report for employment purposes, and of failing to obtain a valid authorization prior to obtaining a consumer report. Plaintiff is also informed and believes and thereon alleges that he and other Class members have subject to the same policy and practice of including the improper release language in the employment application.

d. <u>Adequacy</u>. Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by attorneys who have adequate class action experience in class action law.

e. <u>Superiority</u>. A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the Court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The damages suffered by each Class member are relatively small in the context of a class action analysis, and the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to seek and obtain individual relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

///

///

///

# FIRST CAUSE OF ACTION

## For Failure to Make Proper Disclosure in Violation of the FCRA

### [15 U.S.C. § 1681b(b)(2)(A)(i), *et seq*.]

### (By Plaintiff and the Class and Against All Defendants)

25. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

26. Defendants and each of them violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA by including a liability release in their application and employment forms that Plaintiff and other Class members were required to execute as a condition of employment or application for employment with Defendants.

27. The violations of the FCRA were willful. Defendants knew or should have known that their forms should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of Plaintiff and other Class Members under 15 U.S.C. § 1681b(b)(2)(A)(i).

28. Plaintiff and Class members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

29. Plaintiff and Class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

30. Plaintiff and Class Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///
///
///
///
///
///

## SECOND CAUSE OF ACTION

**For Failure to Obtain Proper Authorization in Violations of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By Plaintiff and the Class and Against All Defendants)**

31. Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

32. Defendants and each of them violated the FCRA by procuring consumer reports relating to Plaintiff and other Class Members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

33. The violations of the FCRA were willful. Defendants and each of them acted in deliberate disregard of its obligations and the rights of Plaintiff and other Class Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

34. Plaintiff and the Class Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

35. Plaintiff and Class Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

36. Plaintiff and Class Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///
///
///
///
///
///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against each Defendant, jointly and severally, as follows, on behalf of himself and the Class:

a. That the Court certify the First and Second Cause of Action asserted by the Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

b. A determination and judgment that each of the Defendants willfully violated the 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA by failing improperly including liability release language in its background check disclosure and authorization form and by obtaining consumer reports on Plaintiff and Class Members without having proper authorization to do so;

c. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and the members of the Class in an amount equal to $1,000 for Plaintiff and each Class member for Defendants' willful violation of the FCRA;

d. Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and other Class Members;

e. An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

f. Such other and further relief as the Court deems just and equitable.

DATED: October 20, 2014

Respectfully submitted,
LAW OFFICE OF DAVID POURATI,
A PROFESSIONAL CORPORATION
LAW OFFICES OF LOUIS BENOWITZ

By: /S/ David Pourati
David Pourati
Louis Benowitz
Attorneys for Plaintiff
ERIC ESCOBAR

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial for all issues so triable.

Respectfully submitted,

DATED: October 20, 2014    LAW OFFICE OF DAVID POURATI,
A PROFESSIONAL CORPORATION
LAW OFFICES OF LOUIS BENOWITZ

By: /S/ David Pourati
David Pourati
Louis Benowitz
Attorneys for Plaintiff
ERIC ESCOBAR, an individual